dhief Justice Robertsos,
¡elivered the opinion of the Court.
Clark filed a bill to enforce an equitable lien on a tract of land conveyed by him Crockett, and subsequently conveyed by Crocket to Hunt. The circuit court dismissed his hill absolutely, and he appealed to this court. After deli ering an opinion on the case, we directed a re-argument, which has been fully heard.
On reconsideration, our attention has been called, more closely and minutely than heretofore, to all ■the circumstances entitled to influence in determining whether all the proper parties were before the .court.
The bill alledges that the land had been sold under 4 fieri faoias, upon a judgment in iavor of the *244 Bank of Kentucky against Crocket, and was purchased by Hawkiris, who is made a defendant. 'It also alleges, that the conveyance from. Crockett to Blunt, was a contrivance to defraud the appellant and other creditors of Crockett, and that, when it was made, Hunt had notice of the equitable lien.
In his answer, Hawkins disclaims title, and says that he purchased the land under execution, as the agent of the Bank, and for her benefit.
Blunt, in his answer, denies the imputed fraud, and" avers that the conveyance to him was made bona fide, and for a full and valuable consideration; and there is no proof tending to shew that it was merely colorable, and designed to defraud the creditors of Crockett.
He also alleges that the Bank of Kentucky had released to him all her claim to the land — but no release has been exhibited.
If, as charged in the bill, the mortgage to Hunt had been fraudulent and void as to Crockett’s creditors, and the Bank was a judgment creditor, the land was subject to sale under her execution.
As there is no proof of fraud, the mortgage Should be deemed (as between Clark and Hunt) to have been made for a valuable consideration, and without any fraudulent intent. And therefore, if Blunt holds, as Hunt says he does, all the interest of the Bank, she is not a necessary party, because, all her interest in the land, and in the event of this suit, was extinguished by her release to him. And in that view of the case, the release by the Bank to Hunt, would be of no avail to him against Clark’s pre-existing lien, if he bad notice of that lien, at the date of his mortgage, for, as the legal title was vested in him prior to the sale under the execution, it did not pass to Hawkins or to the Bank, in consequence of that sale, unless the mortgage had been relinquished, and therefore void as to the Bank; and Hunt, having denied that there was any fraud, is estopped from claiming any advantage which might have resulted to the Bank from the allegation of fraud, if she had never released to him, and had been a party to this suit. He cannot, therefore, com *245 plain tbat the Bank is not a party, and, as between him and Clark, she is not, according to the allegatioiis of the bill and answer, a necessary party.
Crittenden, for appellant; WicMiffe, Wooley and Morehead, for appellee.
But Hunt’s answer is no proof against the Bank, that she had released her interest to him. As the Bank would not be concluded by any decree which could be rendered between the present parties on the facts exhibited by the record, as it now stands, if the land should be sold to enforce Clark’s lien, a purchaser under the decree might be disturbed by the claim of the Bank — if she could shew, as she might do, notwithstanding the decree, or any thing which the record now contains, that any available interest, as against Clark, had passed to her in consequence of the sale under her execution — and had never been released to Hunt, then, is it not the duty of the court to require that the Bank be made a party, before any final decree be rendered, concluding the merits of the controversy, so that, m the event of a sale of the land for Clark’s benefit, a purchaser may be assured that he buys a perfect and unincumbered legal title, and may not be liable to any claim which the Bank of Kentucky might ever be able to assert? We think it is; and that, as the facts now appear, Clark had no right to insist on a decree subjecting the land to sale for his benefit, until, by making the Bank a party, he had shewn that all the title which he conveyed to Crocket, could be assured to any person who might become the purchaser under the decree.
Wherefore, without intimating what-our opinion now is on the merits of the case, so far as they now' appear, it is decreed and ordered, that the former opinion and mandate be revoked and held Jor nought — that the decree of the circuit court, dismissing the bill absolutely be reversed, and that the cause be remanded with instructions to allow reasonsable time for the Bank of Kentucky to be made a party.